RED STAR MOTOR DRIVERS' ASS'N *v.* WAYNE CIRCUIT JUDGE.

1. CONTEMPT—INJUNCTION—CONTEMPT MAY NOT BE BASED ON INJUNCTIONS SUPERSEDED BY LATER INJUNCTION.

   Where a motion to dismiss *ex parte* temporary orders restraining the enforcement of the Detroit jitney ordinance was denied, and a new and substitute temporary injunction was granted, the effect was to supersede the former orders, so that jurisdiction to punish for contempt may not be based thereon.

2. MANDAMUS—CONTEMPT—SUPERSEDED INJUNCTIONS MAY NOT BE BASIS OF CONTEMPT.

   Mandamus will not lie to compel the circuit judge to vacate an order quashing contempt proceedings, where the injunctions claimed to have been violated had been superseded.

Mandamus by the Red Star Motor Drivers' Association and others to compel De Witt H. Merriam, circuit judge of Wayne county, to vacate an order quashing contempt proceedings. Submitted October 2, 1928. (Calendar No. 34,006.) Writ denied February 1, 1929.

· *Edward N. Barnard,* for plaintiffs.

*Clarence E. Wilcox* and *Clarence E. Page,* for defendant.

POTTER, J. July 16, 1926, plaintiffs filed a bill in chancery, in the circuit court for Wayne county, to restrain defendants from enforcing against them the so-called "jitney ordinance" of the city of Detroit, No. 56–B. On the same day, an order to show cause and temporary restraining order was issued which provided that defendants desist and refrain from enforcing or attempting to enforce the alleged ordinance of the city of Detroit known as the "jitney ordinance" or any section thereof, or from interfering with or molesting in any manner, whether in the use of their loading stations or otherwise, any of the members of the plaintiff, in conducting and operating their business as jitney drivers upon the streets and avenues of the city of Detroit. Subsequently an independent proceeding was instituted by petition, and an order was issued July 29, 1926, directed to defendants in the chancery proceeding, to show cause why they should not be punished for contempt for their wilful and continued violations of the restraining order before issued. This order to show cause also provided defendants be restrained from in any way or manner interfering with the loading and unloading of passengers to and from plaintiffs' jitneys in the manner in which passengers had been loaded and unloaded in the business, and from towing or impounding any of said jitney cars, and from issuing to said passengers and the drivers and owners of jitneys, any of the so-called tickets of the "violation bureau" so-called, for violation of said ordinance; and on July 30, 1926, a sim-

ilar order was issued.   Owing to the sickness of Judge Dingeman, who issued the temporary restraining order and the orders to show cause why defendants should not be punished for contempt for violation of the temporary restraining order, or other cause or causes, no action was taken by either plaintiffs or defendants upon said orders to show cause until January, 1928, when a motion was made to dismiss plaintiffs' bill of complaint as amended and dissolve the restraining orders made by Judge Dingeman on the 29th and 30th days of July, 1926.   This motion to dismiss and dissolve came on to be heard before Judge Clyde I. Webster.   An order was entered by him, January 31, 1928, reciting:

"It is ordered that defendants' motion to dismiss plaintiffs' bill of complaint as amended, and defendants' motion to dissolve certain restraining orders signed, filed and entered by the Honorable Harry J. Dingeman, circuit judge, on the 29th and 30th day of July, 1926, together with all other motions in that respect, be and the same are hereby denied."

By the same order Judge Webster provided that:

*   *   *   "defendants herein having failed to show cause why a temporary injunction should not issue as prayed in plaintiffs' bill of complaint as amended, it is ordered that a temporary writ of injunction issue forthwith out of and under the seal of this honorable court, directed to the defendants and each of them, their certain attorneys, agents, servants and all persons acting under their direction, therein and thereby restraining them and each of them from in any way or manner enforcing a certain ordinance of the city of Detroit, known as 56–B.   *   *   *   or any section thereof, or interfering with, hindering or stopping jitney service on any of the streets or boulevards of the city of Detroit."

Subsequently an order to show cause was issued by Judge Merriam requiring defendants to show cause why they should not be punished for contempt for violating the temporary restraining orders issued by Judge Dingeman on July 29 and July 30, 1926. Upon the hearing of this contempt proceeding, Judge Merriam held that plaintiffs were not entitled to relief, and that the temporary injunction by Judge Webster, January 31, 1928, after hearing all parties, superseded the *ex parte* restraining orders issued by Judge Dingeman and in effect prior to the issuance of the injunction.

This proceeding is brought for mandamus to require Judge Merriam to set aside, vacate, and hold for naught his order of August 13, 1928, quashing the contempt proceedings, and requiring him to proceed to a hearing and taking of testimony as to the matters set forth in the petition quashing said proceedings and that the restraining orders of July 29, 1926, and July 30, 1926, made by Judge Dingeman, be ordered to be in full force and effect pending the determination of these mandamus proceedings.

This presents the only important question in the case. If these temporary restraining orders are in full force and effect, then plaintiffs are entitled to proceed in the contempt proceeding. If such temporary restraining orders were superseded by the order of Judge Webster of January 31, 1928, plaintiffs are not entitled to so proceed.

The original orders to show cause were in the nature of substitutes for motions to advance the hearing for a temporary injunction. They were granted by Judge Dingeman, *ex parte*. Defendants had no notice or opportunity to be heard prior to their issuance. Such temporary restraining orders continued in full force and effect until cause was

shown by the defendants against whom they were directed why they should be dissolved. The defendants treated such temporary restraining orders as in full force and effect, and subsequently made a motion before Judge Webster to dismiss plaintiffs' bill of complaint and dissolve such temporary restraining orders. Judge Webster refused to dismiss plaintiffs' bill of complaint and denied the defendants' application to dissolve the temporary restraining orders; but he did not stop there—had he done so, undoubtedly plaintiffs would have been correct in their position before Judge Merriam—but Judge Webster proceeded to grant a new and substitute temporary injunction by his order of January 31, 1928, the terms of which are specifically mentioned and set forth therein. What was the effect of Judge Webster's order denying defendants' motion to dissolve the temporary restraining orders granted by Judge Dingeman? The order of Judge Webster, though it denied defendants' motion to dissolve such temporary restraining orders, did not, by its terms, purport to continue such temporary restraining orders in full force and effect. It left such temporary restraining orders to the performance of their usual and ordinary function, to restrain defendants from the performance of certain conduct until after a hearing and disposition of the motion to dissolve. 32 C. J. p. 27; 14 R. C. L. p. 306. When the motion to dissolve such temporary restraining orders was heard and disposed of by Judge Webster, his order above referred to was substituted in the place and stead of the temporary restraining orders whose force and effect ceased by the issuance of the order of Judge Webster granting a temporary injunction and setting forth the terms and conditions thereof. If defendants thereafter were guilty of conduct

which, had they continued in force, would have violated the terms of such temporary restraining orders, they must be punished, if at all, for a violation, not of such temporary restraining orders, but of the new and substitute order of Judge Webster temporarily enjoining the defendants from doing those things. Jurisdiction to punish defendants must be based upon Judge Webster's order and not upon the temporary restraining orders which were superseded thereby. Judge Merriam held the temporary injunction of Judge Webster superseded the *ex parte* temporary restraining orders issued by Judge Dingeman and in force prior to the issuance of such temporary injunction by his order of January 31, 1928, and in this we think he was correct.

Application denied, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.